IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 09-cr-0781-2 |
| v. | : | |
| | : | CIVIL ACTION |
| ROBERT SAUL | : | No. 13-cv-6080 |

**M E M O R A N D U M**

PRATTER, J.                                                                                          JULY 15, 2014

      Federal inmate David Saul moves under 28 U.S.C. § 2255 for a court order granting him immediate entry into a residential drug abuse program ("RDAP"). § 2255 Mot. 14 ("Motion," Docket No. 154). He alleges that notwithstanding his substance abuse problem dating back to at least December 2008, his attorney advised him not to raise this issue "so as not to antagonize the Judge at sentencing." § 2255 Mot. 6. Mr. Saul contends that this advice constitutes ineffective assistance of counsel that prejudiced him by preventing him from receiving necessary treatment in an RDAP and thereby further jeopardizing his health. § 2255 Mot. 6. He also contends that he "meets all the requirements of the RDAP program, has completed the in-patient program, and is in need of the out patient program because he wants to better himself upon entry into society." Saul Reply 3 (Docket No. 160).[1]

---

[1] The nature of the relief Mr. Saul sought was not entirely clear until Mr. Saul filed his Reply (Docket No. 160) to the Government's Response (styled, curiously, as a motion to dismiss; Docket No. 156) and the Court's June 6, 2014 Show Cause Order (Docket No. 159). Mr. Saul's Reply makes clear that he is not attacking "the validity of his plea agreement, and the conviction and sentenced based on that agreement," on the grounds, for instance, that he was "fraudulently induced to plead guilty by [the] promis[e of] early release upon successful completion of the RDAP." *Torres v. Ledezma*, 428 F. App'x 789, 791 (10th Cir. 2011); *cf. Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011) (attack on validity of plea agreement). Mr. Saul attacks the advice of his attorney at sentencing, as, presumably, a reason he has not been admitted into an RDAP.

Regardless of the merits of Mr. Saul's ineffective assistance of counsel claim, or of the Government's defenses that Mr. Saul waived his collateral attack rights and that he cannot show ineffective assistance of counsel, Mr. Saul's Motion must fail because the Court lacks jurisdiction to grant him the relief he requests. Participation in an RDAP is not a component of Mr. Saul's sentence (likewise, nonparticipation is not a component of a sentence).

In fact, the Supreme Court has held that "Section 3582(a) [of Title 18, United States Code] precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011).

> If Congress had similarly meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs. But in fact, courts do not have this authority. When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," [18 U.S.C.] § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f). See also 28 CFR pt. 544 (2010) (BOP regulations for administering inmate educational, recreational, and vocational programs); 28 CFR pt. 550, subpart F (drug abuse treatment programs). *A sentencing court can recommend that the BOP place an offender in a particular facility or program.* See [18 U.S.C.] § 3582(a). *But decisionmaking authority rests with the BOP.*

*Tapia*, 131 S. Ct. at 2390-91 (emphasis added). In other words, under § 3621, the BOP has sole discretion to "designate the place of the prisoner's imprisonment," 18 U.S.C. § 3621(b), and, accordingly, to "determin[e] which prisoners are eligible for substance abuse treatment," *Warman v. Philip*, No. 08-0217, 2009 WL 2705833, at *2 (N.D.W. Va. Aug. 25, 2009), *aff'd*, 353 F. App'x 859 (4th Cir. 2009); *accord, e.g.*, *Douvos v. Quintana*, 382 F. App'x 119 (3d Cir. 2009) (per curiam) ("The RDAP gives the Bureau of Prisons the discretion to alter a prisoner's conditions of confinement or allow him a sentence reduction of up to one year if he successfully completes the program and his conviction was for a nonviolent offense."); *Reeb v. Thomas*, 636

F.3d 1224, 1226 (9th Cir. 2011); *Richardson v. Joslin*, 501 F.3d 415, 417 n.1 (5th Cir. 2007).[2] In other words, it is the BOP, and not the courts, that decides whether an inmate may participate in an RDAP.[3]

Thus, as properly characterized, Mr. Saul's § 2255 Motion challenges not his conviction or sentence, but rather the discretionary actions of the BOP regarding the conditions of Mr. Saul's detention. Federal courts are, of course, tribunals of limited jurisdiction, and the commitment of the RDAP's administration to the BOP leaves them without power to order participation in RDAP as a standalone matter—that is, in the first instance—and only severely

---

[2] In connection with its obligation to "designate the place of the prisoner's imprisonment," 18 U.S.C. § 3621(b), the Bureau of Prisons must also "provide residential substance abuse treatment" for all eligible prisoners, with "priority for such treatment accorded based on an eligible prisoner's proximity to release date," *id.* § 3621(e)(1)(C). An "eligible" prisoner is one who is "(i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program." *Id.* § 3621(e)(5)(B).

The particular RDAP in which Mr. Saul seeks to participate consists of a "course of individual and group activities and treatment, lasting at least 6 months, in residential treatment facilities set apart from the general prison population." *Id.* § 3621(e)(5)(A). Following successful completion of treatment, inmates are eligible for consideration for a number of "specific achievement awards." Bureau of Prisons, U.S. Dep't of Justice, Psychology Treatment Programs, Program Statement No. P5330.11, ch. 2.5.15(b), *available at* http://www.bop.gov/policy/progstat/5330_011.pdf. These rewards include transfer to a lower security prison, early release, and placement in a residential re-entry center, which allows for completion of the program in the community. *Id.* Indeed, it seems that "[t]he RDAP is attractive to prisoners because, as an incentive to participate in substance abuse rehabilitation, it grants up to one year sentence credit to those who successfully complete it." *Mora-Meraz v. Thomas*, 601 F.3d 933, 935 (9th Cir. 2010).

[3] The United States Sentencing Guidelines themselves implicitly support the proposition that the BOP has sole discretion over RDAPs. According to Sentencing Guideline 5H1.4, a court can sentence a defendant with a substance abuse problem to "supervised release with a requirement that the defendant participate in an appropriate substance abuse program." U.S.S.G. § 5H1.4. Supervised release, of course, is monitored by the United States Probation Office, a judicial creature. The negative implication of this arrangement is that courts do not have the power to order participation in RDAP, a program squarely within the purview of the Bureau of Prisons, a subdivision of the Department of Justice and controlled by the executive branch. In recognition of this distinction, the Court's customary sentencing hearing colloquy expressly informs a defendant that even when the Court makes some recommendation or suggestion to the BOP, such as, for example, a designation location geographically close to a defendant's family, the Court's recommendation is just that—a recommendation without any force of compulsion.

constrained power to review the BOP's decision. A federal court simply lacks habeas jurisdiction to hear a challenge to the BOP's RDAP decisions with regard to a specific individual. *Beckley v. Miner*, 125 F. App'x 385, 388-89 (3d Cir. 2005); *see Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.")."Whatever the decision on [Mr. Saul's] request for a transfer to have access to RDAP, his release date will not change," because "the opportunity here to participate in a program that carries with it only the potential for a discretionary sentence reduction" and the "drug treatment program . . . , even if completed to perfection, still affords the Bureau complete discretion to require [Mr. Saul] to serve his full sentence." *Beckley*, 125 F. App'x at 388 (alteration and internal quotation marks omitted); *see Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").[4] "Short of a particularized allegation that the BOP violated federal law in denying petitioner's request for transfer, this [C]ourt has no authority to hear a petition challenging that decision." *Sharma v. Johnson*, No. 13-2398, 2014 WL 2769139, at *4 (E.D. Cal. June 18, 2014).

     For these reasons, furthermore, even assuming that Mr. Saul has already been denied admission to the program by the BOP and that has properly sued the BOP for review of what is, after all, the BOP's decision, this Court would have only very narrow powers of judicial review. That authority would be limited to "allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." *Reeb*, 636 F.3d at

---

[4] Other courts agree that there is no habeas jurisdiction to review the BOP's RDAP decisions, and that review is limited to cognizable constitutional claims or claims that the BOP has acted outside of its statutory authority. *E.g.*, *Reeb*, 636 F.3d at 1228-29; *Warman*, 2009 WL 2795833, at *2.

1228-29 (footnote omitted).[5] Moreover, such an action, at least one bringing constitutional claims, likely would have to be brought under *Bivens*,[6]—but only, of course, after exhausting administrative remedies, namely, seeking entry into an RDAP through the BOP itself and, if denied, pursuing that grievance up through the BOP. *Beckley*, 125 F. App'x at 389. Thus, Mr. Saul's proper recourse is, in the first instance, before the BOP itself.[7]

---

[5] "[W]here Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear" in order to "avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe*, 486 U.S. 592, 603 (1988).

Even so, the constitutional claims an inmate can bring are limited. Because a prisoner has no liberty interest in discretionary early release, a due process claim regarding denial of participation in RDAP cannot be sustained. *E.g.*, *Peck v. Thomas*, 697 F.3d 767, 774 (9th Cir. 2012)*; Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)*; Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011); *Reeb*, 636 F.3d at 1229 n.4; *Richardson*, 501 F.3d at 420; see *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system.").

In any event, Mr. Saul does not allege that the BOP violated his constitutional rights in any way.

[6] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *see Beckley,* 125 F. App'x at 389 ("considering [this] third potential basis for jurisdiction").

[7] An inmate may also not challenge the BOP's decision in his individual case not to admit him to an RDAP under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.* Judicial review under the APA is governed by 5 U.S.C. §§ 701–706, but 18 U.S.C. § 3625 provides that "[t]he provisions of sections . . . 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under th[e] subchapter" containing § 3621. 18 U.S.C. § 3625; *see, e.g.*, *Reeb*, 636 F.3d at 1226-27; *Redmon v. Wiley*, 349 F. App'x 251, 256 (10th Cir. 2009).

Moreover, "[i]nmates may not exhaust their administrative remedies by failing to employ them." *Samples v. Wiley*, 349 F. App'x 267, 269 (10th Cir. 2009).

Mr. Saul's Motion under 28 U.S.C. § 2255 is denied.

An appropriate Order follows.

                                                BY THE COURT:

                                                _/s/ Gene E.K. Pratter_
                                                GENE E.K. PRATTER
                                                United States District Judge